## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT BOWLING GREEN

**KEVIN THOMPSON**                                        **MOVANT/DEFENDANT**

**v.**                                        **CRIMINAL ACTION NO. 1:96CR-17-M**

**UNITED STATES OF AMERICA**                            **RESPONDENT/PLAINTIFF**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Movant Kevin Thompson's Rule 60(b) motion requesting relief from judgment in his § 2255 action (DN 300). The United States filed a response (DN 303), and Thompson filed a reply (DN 304). For the reasons that follow, Thompson's challenge to the Court's prior resolution of the *Apprendi* claim will be denied, and his *Booker* claim will be transferred to the Sixth Circuit Court of Appeals.

## I. ANALYSIS

The Court must first determine whether the Rule 60(b) motion is truly a Rule 60(b) motion for relief from judgment or, effectively, a second or successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. In *Gonzalez v. Crosby*, -- U.S. -- , 125 S.Ct. 2641 (2005), the Supreme Court addressed the issue of whether Rule 60(b) motions filed in habeas proceedings under 28 U.S.C. § 2254[1] are subject to the additional restrictions that apply

---

[1]Although the Supreme Court limited its decision to § 2254 cases, this Court finds the *Gonzalez* analysis instructive and finds no reason why that analysis should not apply equally to § 2255 cases, especially in light of § 2255's similar provision governing second and successive applications. *See* 28 U.S.C. § 2255 ¶ 8. Other courts agree. *See*, *e.g.*, *United States v. Terrell*, 141 Fed. Appx. 849, 851, 2005 WL 1672122, at *2 (11th Cir. 2005); *Williams v. United States*, Nos. 2:03-CV-887, 2:00-CR-178, 2005 WL 2211184, at *1 n.2 (S.D. Ohio Sept. 9, 2005); *Ford v. United States*, No. 1:01-CV-317, 2005 WL 1968777, at *1 (W.D. Mich. Aug. 16, 2005).

to second or successive petitions under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") codified at 28 U.S.C. § 2244(b).

The Supreme Court explained that the critical factor in determining whether a Rule 60(b) motion is actually an unauthorized second or successive habeas petition is whether the motion presents a "claim." *Gonzalez*, 125 S.Ct. at 2647. "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." *Id.* "When no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." *Id.* at 2648.

"In most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple[, and a] motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* Or, a motion presents a claim when it "contend[s] that a subsequent change in substantive law is a 'reason justifying relief' from the previous denial of a claim." *Id.* at 2647 (quoting Fed. R. Civ. P. 60(b)(6)).

> A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.  That is not the case, however, when a  Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Id.* at 2648.  A petitioner does not make a habeas claim in his Rule 60(b) motion "when he merely asserts that a previous ruling which precluded a merits determination was in error--for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at n.4.

**A.  Challenge to the Court's prior resolution of the *Apprendi* claim**

In his Rule 60(b) motion, Thompson challenges the Court's prior procedural default

finding as to his *Apprendi* claim.  He attempts to demonstrate cause (arguing ineffective

assistance of counsel) and prejudice (arguing an unconstitutionally enhanced sentence of 360

months) for his failure to raise an *Apprendi* claim on direct appeal.  By so doing, he is directly

challenging the Court's prior finding of procedural default, which precluded an on-the-merits

determination of the *Apprendi* claim.  Such a challenge is not a "claim" as defined in *Gonzalez*

and is not equivalent to a second or successive § 2255 motion.  The Court will thus address

Thompson's Rule 60(b) procedural default argument.

According to Rule 60(b) of the Federal Rules of Civil Procedure,

> On motion . . . the court may relieve a party . . . from final judgment, order, or
> proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or
> excusable neglect; (2) newly discovered evidence which by due diligence could
> not have been discovered in time to move for a new trial under Rule 59(b); (3)
> fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the
> judgment is void; (5) the judgment has been satisfied, released, or discharged, or a
> prior judgment upon which it is based has been reversed or otherwise vacated, or
> it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

Thompson has failed to allege, much less demonstrate, that he meets any of the standards

set forth in the first five enumerated clauses of Rule 60(b), and his *Apprendi* cause and prejudice

argument does not constitute an "exceptional or extraordinary circumstance" warranting relief

under the sixth clause.  *See Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)

("Rule 60(b)(6) motions should apply only in 'exceptional or extraordinary circumstances' not

otherwise addressed by the first five numbered clauses of the rule.") (citations omitted).

3

In a Report and Recommendation entered July 17, 2001, Magistrate Judge E. Robert Goebel observed that "Thompson has made no effort to either rebut the procedural default argument or show 'cause' and 'actual prejudice' to excuse his procedural default[]." (DN 206, p. 3). In his objections, Thompson argued only that the magistrate judge "incorrectly held that . . . *Apprendi* . . . does not apply to [his] case because it is not retroactive." (DN 207, p. 2). He did not argue cause and prejudice for the procedural default. The Court denied Thompson's exceptions to the Report and Recommendation on the *Apprendi* issue by Order entered August 24, 2001, and denied the entire § 2255 motion, including a separate ineffective assistance of counsel claim, by Order entered April 18, 2002 (DN 241). Thompson appealed only the ineffective assistance of counsel denial, which the Sixth Circuit affirmed by mandate issued March 25, 2004 (DN 292). Now, nearly three years after this Court denied the § 2255 motion,[2] Thompson seeks to challenge the *Apprendi* procedural default finding. As Thompson is merely attempting to reargue a previously raised and denied claim, he has demonstrated no "exceptional or extraordinary circumstances" entitling him to relief.

Because Thompson fails to establish that he is entitled to relief from judgment, **IT IS ORDERED** that the Rule 60(b) motion challenging the Court's prior resolution of his *Apprendi* claim is **DENIED**.

---

[2]The Court notes that any relief sought under Rule 60(b)(1), (2), and/or (3) is precluded as a Rule 60(b) motion made under any of these three subsections "shall be made . . . not more than *one year* after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b) (emphasis added).

Before Thompson may appeal this Court's decision, a certificate of appealability ("COA") must issue.  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b).  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  "Where a district court has rejected the constitutional claims on the merits, . . . [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. at 484.  "When," however, "the district court denies a [motion] on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

Having reviewed Thompson's Rule 60(b) motion with respect to his cause and prejudice argument, the Court is satisfied that no jurists of reason would find its decision to deny the Rule 60(b) motion to be debatable or wrong.  A COA will therefore be denied.

### B. *Booker* challenge

Thompson argues that *Booker*, as "an affirmation of the Jones/Apprendi rule," should be applied to his case.  He contends that *Booker* clarified the longstanding question of the constitutionality of 18 U.S.C. §§ 3553(b) and 3742(E) and held that "[ALL] enhancements 'other than the fact of a prior conviction that increases the penalty for a crime beyond the prescribed statutory maximum 'must' be submitted to a jury and proved beyond a reasonable doubt.'" (DN

300, p. 7) (alteration in original).  He thus seeks re-sentencing "pursuant to his constitutionally guaranteed Sixth Amendment jury rights, (151-181) months."  *Id.* at 12.

As Thompson challenges his sentence under the Sixth Amendment based on *Booker*, he is asserting a new claim under *Gonzalez*.  The Rule 60(b) motion with respect to that claim is therefore the equivalent of a second or successive § 2255 motion.  *See*, *e.g.*, *Washpun v. United States*, No. 1:01-CV-638, 2005 WL 2001875 (W.D. Mich. Aug. 17, 2005) (finding, in light of *Gonzalez*, that a Rule 60(b) motion raising a *Booker* claim is a second or successive motion under § 2255).

"Before a second or successive application . . . is filed in the district court," however, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  *See* 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255 ¶ 8 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals. . . .");  *see also In re Hanserd*, 123 F.3d 922, 934 (6th Cir. 1997) (explaining that "inmates who wish to file a second or successive motion to vacate sentence should first file a motion in [the Sixth Circuit] requesting permission under 28 U.S.C. §§ 2244, 2255").  Because Thompson has failed to obtain panel certification prior to filing the instant motion, the Rule 60(b) motion, to the extent it raises a *Booker* claim, will be transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]e hold that when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

6

## III.  <u>ORDER</u>

For the reasons set forth more fully above, **IT IS ORDERED** as follows:

(1)  The Rule 60(b) motion (DN 300), to the extent it raises a challenge to the Court's prior resolution of the *Apprendi* issue, is **DENIED**, and a Certificate of Appealability is **DENIED** as to that challenge.

(2)  The Rule 60(b) motion (DN 300), to the extent it raises a new claim under *Booker*, is **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 as a second or successive § 2255 motion.

Date:

cc:     Movant, *pro se*
        United States Attorney
4414.005

7